1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Smith, derivatively on behalf of Apollo Group, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>John G. Sperling, Peter V. Sperling, Charles B. Edelstein, Gregory W. Cappelli, Terri C. Bishop, Dino J. Deconcini, Samel A. Dipiazza, Jr., Stephen J. Giusto, Roy A. Herberger, Jr., Ann Kirschner, K. Sue Redman, James R. Reis, Manuel F. Rivelo, George Zimmer, Joseph D'Amico, Gregory J. Iverson, Brian L. Swartz, Brian Mueller, P. Robert Moya, Robert W. Wrubel, William J. Pepicello and Does 1025 inclusive,<br><br>Defendants,<br><br>vs.<br><br>Apollo Group, Inc., an Arizona corporation,<br><br>Nominal Defendant. | Case No. 11-0722-PHX-PGR<br><br>**ORDER** |

Pending before the Court is a motion to transfer shareholder derivative action No. CV 11-0722-PHX-PGR ("*Smith v. Sperling*") to this Court by individual defendants John G. Sperling, Peter V. Sperling, Charles B. Edelstein, Gregory W. Cappelli, Terri C. Bishop, Dino J. Deconcini, Samel A. Dipiazza, Jr., Stephen J. Giusto, Roy A. Herberger, Jr., Ann

Kirschner, K. Sue Redman, James R. Reis, Manuel F. Rivelo, George Zimmer, Joseph D'Amico, Gregory J. Iverson, Brian L. Swartz, Brian Mueller, P. Robert Moya, Robert W. Wrubel, and William J. Pepicello (collectively, "Defendants"). Doc. 82 at 2.[1] This Court presides over related putative securities class action *In re Apollo Group, Inc. Securities Litigation*, No. CV-10-1735-PHX-JAT (*"Apollo II"*). *Id.* Plaintiff Darlene Smith, derivatively on behalf of Apollo Group, responded to Defendants' motion with Plaintiff's Opposition to Defendants' Motion to Transfer under LRCiv 42.1(a). Doc. 86.

## I. FACTS

In *Smith v. Sperling*, Plaintiff filed a derivative complaint against officers and directors of Apollo Group for violating federal securities law and breaching state-law fiduciary duties. (Doc. 86 at 6). *Apollo II* is a shareholder class action suit against officers and directors of Apollo Group for the same violation of federal securities laws. Defendants in *Smith v. Sperling* filed a Motion to Transfer so that this Court could preside over both *Smith v. Sperling* and *Apollo II*.

## II. LAW GOVERNING TRANSFER OF CASES

LRCiv 42.1(a) provides factors for determining whether a party is permitted to file a motion to transfer a case to a judge hearing a related case.

> Any party may file a motion to transfer the case or cases involved to a single Judge whenever two or more cases are pending before different Judges and any party believes that such cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a).

These factors only determine whether a party *may* file a motion to transfer. These factors are not binding on the Court's ultimate decision to grant or deny the motion. *See Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) ("District Court judges have 'broad

---

[1] All Document numbers are in CV 10-1735 unless otherwise indicated.

1 | discretion' regarding the assignment or reassignment of cases," and the Ninth Circuit will not "review independently a district court's determination of the scope and application of local rules.") (quoting *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989)).

These factors are also independently sufficient as demonstrated by the use of "or" preceding the fifth factor. A party who satisfies any one of the factors may file a motion to transfer. *Gagan v. Estate of Sharar*, Nos. CIV 2:99-1427-PHX-RCB, CIV 2:08-00018-PHX-EHC, 2008 WL 2810978, at *2 (D. Ariz. July 18, 2008).

### III. Application of Local Rule 42.1(a) to Present Motion

Plaintiffs submit the following arguments in opposition to the Motion to Transfer: (1) LRCiv 42.1(a) mandates that a case can be transferred only if it is "substantially similar" to a case that the judge receiving the transferred case is presiding over, *and* the transfer "must result in the saving of judicial resources"; (2) *Smith v. Sperling* and *Apollo II* are not substantially similar; (3) transferring *Smith v. Sperling* would not save judicial resources; and (4) the Motion to Transfer is Defendants' attempt "to avoid discovery and promote delay."

A.  Requirements of LRCiv 42.1(a)

A transfer is proper if transferring satisfies any one of the factors provided in LRCiv 42.1(a). *Gagan*, 2008 WL 2810978, at *2. Contrary to Plaintiff's contention, LRCiv 42.1(a) does not require that a proposed transfer satisfy a "substantially similar" requirement *and* a "judicial economy" requirement. *See id.* Instead, these are factors to be weighed individually by the district court in its transfer decision. *Id.*

The deference given to a district court's transfer decision is so broad that "even where a case had 'little in common with the prior case,' there was no abuse of discretion in transferring that case to a judge 'because it allegedly presented issues similar to those in another case previously heard by him.'" *Parra v. Bashas' Inc.*, Nos. CV 02-0591-PHX-RCB, CV 09-0209-PHX-JAT, 2009 WL 1024615, at *4 (D. Ariz. Apr. 15, 2009) (quoting *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999)). Accordingly, Defendants are required only to show that transferring *Smith v. Sperling* would satisfy one of the LRCiv 42.1(a) factors. The Court,

1 exercising its broad discretion, can then decide whether transferring would be appropriate. Because the Court finds that transferring *Smith v. Sperling* would satisfy multiple similarity factors, the Court does not need to address whether transferring would achieve judicial economy.

The cases cited by Plaintiff are not persuasive because they do not evaluate the appropriateness of transferring cases under a similar standard to LRCiv 42.1(a). *See In re Bear Stearns Cos. Sec., Derivative, and ERISA Litig.*, No. 07-Civ-10453, 2009 WL 50132, at *4-5 (S.D.N.Y. Jan. 5, 2009) (determining whether to *consolidate* cases); *Lawrence E. Jaffe Pension Plan v. Household Int., Inc.*, No.02-5893, 2003 WL 21011757, at *2-3 (N.D. Ill. May 5, 2003) (analyzing relatedness under a local rule that imposed a series of mandatory requirements).

B. Similarities Between *Smith v. Sperling* and *Apollo II*

Several of the LRCiv 42.1(a) factors evaluate the similarity between cases pending before different judges to determine whether transferring one of the cases would be appropriate. As previously stated, Defendants need to show only that one of the LR. 42.1(a) factors is satisfied for their motion to be proper, and then the Court will determine whether to grant the motion. The Court finds, however, that multiple factors are satisfied.

1. The Cases Arise From Substantially the Same Event

The underlying events that give rise to both *Smith v. Sperling* and *Apollo II* are substantially the same. Although both cases involve claims based on different theories due to who is bringing the claims, the claims are based on substantially the same facts. The *Smith v. Sperling* complaint and the *Apollo II* complaint assert claims against Apollo officers for violating §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. Doc. 1 of 11-00722, at 61-63; Doc.1 of 10-1735, at 47-52. These claims arise from the same alleged actions of the Apollo officers. Doc. 49 of 11-00722, at 4. Accordingly, Plaintiffs concede that "both cases share some common facts." *Id.* Although *Smith v. Sperling* does allege additional state-law claims that will require additional facts to be proven, e.g., whether Defendants compensation to management "wasted Apollo's corporate assets" (Doc. 86 at 9),

- 4 -

1 the substantial similarity of the federal-securities-law claims sufficiently demonstrates that
2 the cases arise from substantially the same events.

        2.       The Cases Involve Substantially the Same Parties

The parties in *Smith v. Sperling* and *Apollo II* are also substantially the same. Plaintiff claims that because the cases have a different number of defendants, and Apollo Group is a plaintiff in *Smith v. Sperling* and a defendant in *Apollo II*, the cases are not substantially the same. Doc. 86, 9. LRCiv 42.1(a) does not require the parties to be identical in identity, number and position. *See Parra*, 2009 WL 1024615, at *5 (finding parties to be substantially the same even though the parties were different in number and position). All the defendants in *Apollo II*, except Darlene Smith, are defendants in *Smith v. Sperling*. (Doc. 1 at 82). Apollo Group's difference of position in the two cases does not negate the existing substantial similarity of parties.

      C.       Accusations of Discovery Delay

The Court finds there is no evidence that Defendants are trying to delay the litigation process in *Smith v. Sperling* by transferring.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Transfer (Doc. 82 in CV 10-1735-PHX-JAT; Doc. 15 in CV 11-722-PHX-PGR) is granted; all future filings relating to CV 11-722 shall be filed in CV 11-722-PHX-JAT.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in CV 10-1735-PHX-JAT.

DATED this 14th day of September, 2011.

                                             James A. Teilborg
                                             United States District Judge