**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Smith, derivatively on behalf of Apollo Group, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> John G. Sperling, Peter V. Sperling, Charles B. Edelstein, Gregory W. Cappelli, Terri C. Bishop, Dino J. Deconcini, Samuel A. Dipiazza, Jr., Stephen J. Giusto, Roy A. Herberger, Jr., Ann Kirschner, K. Sue Redman, James R. Reis, Manuel F. Rivelo, George Zimmer, Joseph D'Amico, Gregory J. Iverson, Brian L. Swartz, Brian Mueller, P. Robert Moya, Robert W. Wrubel, William J. Pepicello and Does 1025 inclusive, <br><br> Defendants, <br><br> vs. <br><br> Apollo Group, Inc., an Arizona corporation, <br><br> Nominal Defendant. | Case No. CV-11-0722-PHX-JAT <br><br> **ORDER** |

Pending before the Court are Nominal Defendant Apollo Group, Inc.'s Motion to Stay (Doc. 49) and Plaintiff's Motion to Compel Discovery (Doc. 53). Both Motions are fully

briefed and the Court now rules on the Motions.[1]

## I. BACKGROUND

On April 12, 2011, Plaintiff filed a derivative complaint against officers and directors of Apollo Group for violating federal securities laws, breaching state-law fiduciary duties, abuse of control, gross mismanagement, unjust enrichment, corporate waste, and insider trading. ("*Apollo III*"). (Doc. 1). This Court presides over related putative securities class action *In re Apollo Group, Inc. Securities Litigation*, No. CV-10-1735-PHX-JAT ("*Apollo II*"). *Apollo II* is a shareholder class action suit against Apollo Group, Inc. and nine officers and directors of Apollo Group, Inc. for violations of federal securities laws. The nine officer and director Defendants in *Apollo II* are among the twenty-one individual Defendants in this case.[2]

## II. THE MOTION TO STAY

Nominal Defendant Apollo Group, Inc. ("Apollo") argues that this action should be stayed[3] for two reasons: (1) a stay is necessary to allow the Company to defend itself in *Apollo II*; and (2) a stay is provided by Arizona law because Apollo has appointed a Special Committee to investigate the allegations in the Complaint. Apollo also argues that, at a minimum, discovery should be stayed because the Private Securities Litigation Reform Act ("PSLRA") mandates a stay of discovery when the individual Defendants plan to file motions to dismiss. The Court will discuss each of Apollo's argument in turn.

---

[1] Although the Court indicated in its September 28, 2011 Order (Doc. 65) that it would reset oral argument on these motions, oral argument is unnecessary because both parties submitted memoranda discussing the law and evidence in support of their positions, and oral argument would not have aided the Court's decisional process. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The nine individual Defendants named in both actions are Gregory W Cappelli, Joseph L D'Amico, Charles B Edelstein, Gregory J Iverson, Brian Mueller, William J Pepicello, John Sperling, Peter V Sperling, and Brian L Swartz.

[3] Each individual Defendant has joined in the Motion to Stay. (*See* Docs. 51 & 52).

**A.     Staying this Action until *Apollo II* is Resolved**

Apollo argues that this case should be stayed until *Apollo II* is resolved.

### 1.     Legal Standard

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Id.* (quoting *Landis*, 299 U.S. at 255). The Court must weigh the competing interests affected by the granting or refusal of the stay, including "the possible damage which may result from the granting of stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962)).

The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay pending resolution of independent proceedings which bear upon the case," even if the issues in such proceedings are not necessarily controlling of the action before the Court. *Id.* (quoting *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). However, a "stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* (quoting *Levya*, 593 F.2d. at 864).

### 2.     Analysis

Apollo argues that allowing the case to proceed will undermine Apollo's defense in the class action and will waste the parties' and the court's resources because the "resolution of the class action will have direct bearing on many of the crucial issues in this case, including most obviously whether the Company has incurred or will incur recoverable harm as a result of the class action itself." Apollo also asserts that *Apollo III* is essentially an indemnification action from the wrongdoing asserted in *Apollo II.* Apollo further asserts that

1  staying this action pending the result of *Apollo II* will prevent duplicative and potentially
2  conflicting rulings on the same and overlapping legal and factual issues in the two cases.

3  In response, Plaintiff argues that this case is different from *Apollo II* in that it involves
4  different defendants, different factual predicates, and different legal claims.  Plaintiff also
5  argues that "corporate governance changes designed to enhance the Board's independence
6  and effectiveness are requested in this derivative action" to protect Apollo from future
7  misconduct on the part of its executives.

8  Apollo has not carried its burden of showing that it will suffer a clear case of hardship
9  or inequity if the Court does not grant the stay.  Although Apollo makes arguments that
10 *Apollo III* is essentially an indemnification action based on the outcome of *Apollo II*, it is too
11 early in both cases for the Court to test the merits of that assertion.  Likewise, Apollo seems
12 to argue that a resolution of at least some of the issues in *Apollo II* will have a res judicata
13 effect on the resolution of some of the issues in *Apollo III*.  While Defendants point out
14 similarities between the two actions, Defendants fail to articulate how res judicata would
15 apply to claims asserted in *Apollo III* and it is likely too early in both litigations for Apollo
16 to be able to articulate such an application.  Further, Apollo's concern that there will be
17 duplicative and potentially conflicting rulings on the same and overlapping legal and factual
18 issues in the two cases is misplaced.  Defendants succeeded in having *Apollo III* transferred
19 so that the same judge could preside over both *Apollo II* and *Apollo III*.  Accordingly, any
20 concern over potentially conflicting rulings should have been cured by the granting of the
21 motion to transfer.

22 Apollo also argues that is will suffer hardship if this case is allowed to proceed
23 because *Apollo III* will undermine Apollo's defense in the class action.  The Court is
24 unconvinced by this argument. While the concept that the corporation is a Defendant in one
25 action (*Apollo II* - where Plaintiff shareholders claim the corporation itself committed
26 wrongdoing) and the Plaintiff in another action (*Apollo III* - where the corporation is
27 claiming its Officers and Directors engaged in wrongdoing) appears at first glance to be a
28 conflict, an actual analysis of the possible conflict merely highlights the differences in the

procedural posture of the two actions. A corporation can only act through its Officers and Directors. If its Officers and Directors committed wrongdoing, acting through the corporation, the corporation is liable to its shareholders. Meanwhile, if the Officers and Directors committed wrongdoing that caused injury to the corporation, the Officers and Directors are liable to the corporation. In the former instance, the shareholders have to prove the wrongdoing of the Officers and Directors who were acting on behalf of the corporation and, in the latter, a different shareholder, acting on behalf of the corporation, must show that the Officers and Directors engaged in wrongdoing that harmed the corporation. When analyzed in this light, the Court cannot ascertain any direct conflict between the shareholders seeking damages from the corporation based on the wrongdoing of its Officers and Directors in one action, and the shareholder seeking to protect the corporation's rights against the wrongdoing of its Officers and Directors in another action.

Further, Defendants have failed to show any direct conflict, aside from asserting that a conflict exists if the corporation is the Plaintiff in one action and a Defendant in another. Without pointing to a tenable conflict, such an assertion merely highlights the definitional distinctions inherent in discussing the legal fiction that a corporation is a person. While Apollo attempts to highlight this conflict by asserting that the corporations' financial and management resources will be diverted from the class action if it must prosecute the derivative action, the Court finds, in this case, allowing the two actions to proceed at the same time will actually conserve Apollo's financial resources. For instance, because both *Apollo II* and *Apollo III* are in such early stages, Apollo could request that the Court consolidate discovery in both actions and avoid unnecessary duplicative discovery and expenditure of financial resources that would occur if Apollo had to engage in discovery on the same issues more than once.

Further, the Plaintiffs in *Apollo II* recently filed an amended Complaint in that action. The litigation in *Apollo II* is in such early stages, *Apollo III* could possibly be stayed for years and it is not possible to predict if claims alleged in this litigation will be fully litigated in *Apollo II*. Accordingly, it would be both inefficient to the Court's docket and unreasonable

1 for the Court to grant a stay that could last years without knowing how the resolution of *Apollo II* will affect the resolution of *Apollo III*.

In sum, Apollo has failed to meet its burden of showing a hardship or inequity if the Court allows *Apollo III* to proceed. Accordingly, Apollo's request to stay *Apollo III* until *Apollo II* is resolved is denied without prejudice.

### B. Staying this Action pending the Special Committee's Investigation

Apollo next argues that this Court should stay this derivative proceeding pursuant to Arizona Revised Statutes section 10-740 because it has appointed a Special Committee to investigate the allegations in the Complaint. In response, Plaintiff argues that Apollo has not shown that the Special Committee was properly formed in accordance with Arizona Statutes, has failed to provide the Court with details showing that the investigation is being conducted in good faith, and has failed to provide the Court with an estimated time period as to when such an investigation will be concluded. Plaintiff finally argues that, because two of the three members of the Special Committee are Defendants in this action, Apollo has failed to demonstrate that the Committee is actually independent.

Arizona Revised Statutes section 10-740 provides, "[i]f the corporation commences an inquiry into the allegations made in the demand or complaint, the court may stay any derivative proceeding for such period as the court deems appropriate."

The Court finds that Apollo's request for a stay pending the Special Committee's investigation is, at best, premature. Apollo argues:

> That Plaintiffs named two of the Special Committee's members as Defendants in the Complaint - along with every member of the Company's Board of Directors - is of no moment, because the Complaint makes no allegations of potentially actionable omissions, misstatements, or other wrongdoing by either Messrs. DiPiazza or Rivelo personally. Instead, it merely lumps them together with other members of the Board and Board Committees on which they have served since 2009 and makes generalized and conclusory allegations against those groups. Such generalized allegations of wrongdoing on the part of the Board are insufficient to show that these particular directors lack independence.

Doc. 49 at 13.

- 6 -

Whether or not Plaintiffs allegations against certain directors or officers of Apollo are sufficient to withstand a 12(b)(6) motion to dismiss is appropriately addressed in such a motion to dismiss and not in a motion to stay. Apollo argues that the Court need not decide the Special Committee's independence before ordering a stay because "the pendency of *any* 'inquiry' by the Company into allegations of the Complaint supports a stay under Arizona law." While this may be true, the Court does not think it appropriate to order such a stay at this time without any information regarding the details of the investigation, the Committee's independence, or any guidance from Apollo as to the time such an investigation will take. Apollo asserts:

> At the appropriate time, and upon the completion of its inquiry, the Company anticipates that the Special Committee will determine whether the Company's best interests support dismissal, prosecution, or some other disposition with respect to the Company's claims alleged in this derivative action. In the event the Special Committee ultimately concludes that maintenance of this action is not in the Company's best interest, in whole or in part, the Company will then ask the Court to dismiss this action under the authority provided in A.R.S. § 10-744.

Doc. 49 at 15. From this relatively limited amount of information, the Court cannot find that it is in the parties' best interests or efficient for the Court's docket to grant such a stay for an indefinite period of time. If the Special Committee complies with Arizona Revised Statutes section 10-744, and finds it appropriate to file a motion to dismiss based on the findings of the Special Committee, the Court can then appropriately address whether dismissal would be appropriate, but Apollo has not demonstrated that it would be appropriate to grant an indefinite stay while the Special Committee conducts its investigation. Accordingly, Apollo's request to stay *Apollo III* pending the Special Committee's Investigation is denied without prejudice.

### C. Staying Discovery until the Motions to Dismiss are Decided

Apollo finally argues that the PSLRA mandates that discovery be stayed until motions

to dismiss Plaintiff's complaint are resolved.[4]  The PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C.A. § 78u-4(b)(3)(B).  Plaintiff argues that the PSLRA only stays the federal securities laws claims and she should be allowed to proceed with discovery on her state law claims.

The Court finds that discovery should be stayed pending the resolution of any motions to dismiss.  Plaintiff has not provided the Court with any reason discovery should proceed on her state law claims, although it would be stayed with regard to her federal securities laws claims.  Further, Plaintiff has not shown that "particularized discovery is necessary to preserve evidence" or that staying discovery until resolution of the motions to dismiss would cause her "undue prejudice."  Accordingly, the Court will grant Defendants' request to stay discovery until the motions to dismiss are resolved.[5]

### III.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Nominal Defendant Apollo Group, Inc.'s Motion to Stay (Doc. 49) is granted in part and denied in part as follows:

Apollo's request to stay *Apollo III* until *Apollo II* is resolved is denied without prejudice.

Apollo's request to stay *Apollo III* pending the Special Committee's Investigation is denied without prejudice.

Apollo's request to stay *Apollo III* until motions to dismiss are resolved is granted.

---

[4] Although no motions to dismiss have been filed, Defendants aver that if the Court denies their requests to stay pending the outcome of *Apollo II* or pending the Special Committee Investigation, they plan to file motions to dismiss.

[5] Due to the Court's decision to stay discovery until the Motions to Dismiss are resolved, Plaintiff's Motion to Compel Discovery (Doc 53) is denied as moot.

- 8 -

Pursuant to this Court's Order of September 28, 2011 (Doc. 65), Defendants shall file an answer or any other responsive motion to the Complaint within 10 days of the date of this Order.

Judge Rosenblatt's Order Setting Scheduling Conference of April 20, 2011 (Doc. 6) is vacated, to be reissued by this Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 53) is denied as moot.

DATED this 10th day of January, 2012.

James A. Teilborg
United States District Judge