WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene Smith, derivatively on behalf of Apollo Group, Inc., <br><br> Plaintiff, <br><br> v. <br><br> John G. Sperling, Peter V. Sperling, Charles B. Edelstein, Gregory W. Cappelli, Terri C. Bishop, Dino J. Deconcini, Samuel A. Dipiazza, Jr., Stephen J. Giusto, Roy A. Herberger, Jr., Ann Kirschner, K. Sue Redman, James R. Reis, Manuel F. Rivelo, George Zimmer, Joseph D'Amico, Gregory J. Iverson, Brian L. Swartz, Brian Mueller, P. Robert Moya, Robert W. Wrubel, William J. Pepicello, <br><br> Defendants, <br><br> vs. <br><br> Apollo Group, Inc., an Arizona corporation, <br><br> Nominal Defendant. | No. CV 11-722-PHX-JAT <br><br> **ORDER** |

The Court, having reviewed the full briefing on Nominal Defendant Apollo Group, Inc.'s Motion to Dismiss Plaintiff's Derivative Complaint (Doc. 74) is inclined to dismiss this case for lack of standing. However, the Court will allow Plaintiff ten days to file a supplement to her Response to Apollo Group, Inc.'s Motion to Dismiss Plaintiff's Derivative Complaint to solely address standing.

Pursuant to Federal Rule of Civil Procedure 23.1, when a shareholder of a

corporation brings a derivative action to enforce a right that the corporation may properly assert, but has failed to enforce, the derivative action may not be maintained if it appears that the plaintiff "does not fairly and adequately represent the interest of shareholders . . . who are similarly situated in enforcing the right of the corporation." Fed.R.Civ.P. 23.1(a). At the pleading stage, the Complaint must "allege that the plaintiff was a shareholder at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law." Fed.R.Civ.P. 23.1(b)(1).

The Complaint asserts claims spanning a period of over three years, from 2007 to 2010 and, in her Complaint, Plaintiff asserts that she "was a shareholder of Apollo Group at the time of the transactions and events complained of herein, and has continuously held stock." (Doc. 1 at 4). Plaintiff argues that this statement is sufficient to meet the requirements of Rule 23.1.

Defendant argues that Plaintiff is required to unambiguously allege the date(s) on which she acquired and held shares of stock in the corporation on behalf of which she seeks to assert claims.

It is necessary for Plaintiff to show that she was a shareholder at the time of the transaction/events complained of because a derivative plaintiff may only complain about actions that allegedly occurred during the period for which she held shares. *See Baca v. Crown*, No. 10-16718, 458 Fed.Appx. 694, 696 (9th Cir. Nov. 21, 2011). This is often referred to as the "contemporaneous ownership rule." The Court is aware of no Ninth Circuit opinion addressing to what specificity a plaintiff must allege contemporaneous ownership and there appears to be a split of authority among district courts as to the specificity required for such allegations. *See Garza ex rel Navistar Int'l Corp. v. Belton*, No. 08 C 1387, 2010 WL 3324881, at *9 (N.D. Ill. Aug. 13, 2010) (noting split and citing cases).

Defendants argue that the need for specificity in pleading continuous ownership is even more pronounced since the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 ___, 129 S.Ct. 1937, 1949 (2009), which requires claims to be pled with specificity.

If a derivative Complaint alleged one transaction or event and a plaintiff alleged that he/she/it was a shareholder at the time of the event, it is likely the Court and Defendants would have no problems determining that the contemporaneous ownership requirement was met. However, where, as here, Plaintiff has claims that span over three years and Defendant has challenged Plaintiff's standing/contemporaneous ownership, the Court has no way to adequately analyze whether Plaintiff has standing to assert all of her claims or whether her claims should be limited to the transactions that occurred while she was a shareholder of Apollo.

The only way the Court could make such a determination is for Plaintiff to allege the dates of contemporaneous ownership. Thus, even if Plaintiff was not required to allege the dates in her Complaint, she certainly should have alleged them in her Response to the Motion to Dismiss for lack of standing. Plaintiff does not argue, and the Court has no reason to believe, that such a requirement imposes an unreasonable burden on Plaintiff. On the other hand, Defendants argue that it would be extremely burdensome to engage in extensive discovery with Plaintiff only to later discover that Plaintiff did not have standing to assert the derivative claims under Rule. 23.1. The Court agrees. The Court is further persuaded that such a requirement is necessary in this case because of Plaintiff's continued refusal to disclose the dates of contemporaneous ownership to Defendants.

Accordingly, the Court will give Plaintiff one final chance to establish that she has standing to assert the derivative claims.

### IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff shall file a supplement to her Response to Defendant's Motion to Dismiss Plaintiff's Derivative Complaint within 10 days of the date of this Order. Such supplement shall solely address the standing issue discussed herein and shall not exceed 5 pages. Nominal Defendant Apollo Group, Inc. may file a Response to the Supplement within 5 days of the filing of such supplement. Such

Response shall not exceed 5 pages.  No reply will be allowed.  If Plaintiff fails to file a supplement within 10 days of the date of this Order, the Motions to Dismiss pending before this Court will be granted without further warning.

      Dated this 16th day of May, 2012.

                              James A. Teilborg
                              United States District Judge